# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK WILLIAM CAVATAIO, | Case No. 2:19-cv-01325-GMN-NJK |
| Petitioner, | **ORDER** |
| v. | |
| JERRY HOWELL, et al., | |
| Respondents. | |

Petitioner has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has reviewed it under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to do three things before this action can proceed.

**Financial Matters**

First, petitioner has neither paid the filing fee of $5.00, nor has he filed an application to proceed in forma pauperis accompanied by a statement of his inmate account and a financial certificate signed by the appropriate prison official. Petitioner will need to do one or the other before the action can continue.

**Failure to Exhaust State-court Remedies**

Second, it appears that petitioner has not presented his claims to the Nevada Supreme Court. Petitioner alleges that he pleaded guilty to an attempt to intimidate an officer with force, a

1

violation of Nev. Rev. Stat. § 199.300 (the underlying offense) and Nev. Rev. Stat. § 193.330 (punishment for attempts). ECF No. 1-1, at 2. Petitioner has stated that he did not file a direct appeal. ECF No. 1-1, at 1. Additionally, the court has searched for his name in the on-line records of the Nevada Appellate Courts.[1] The court cannot find his name. This confirms petitioner's statement that he did not appeal the judgment of conviction. Additionally, even if petitioner has filed a post-conviction habeas corpus petition in the state district court, he has not appealed any denial or dismissal of that petition.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Based upon petitioner's statements and the court's own review of the state appellate courts' dockets, petitioner has not yet presented any of his claims to the Nevada Supreme Court. The petition appears to be completely unexhausted, and the court cannot yet consider petitioner's claims. Petitioner will need to show cause why the court should not dismiss this action for a failure to exhaust his state-court remedies.

**Defects in Allegations**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires the petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Petitioner has not done this for at least two grounds.

Ground 1 is a claim that petitioner's proceedings violated due process, because he was charged with misdemeanors and yet was sentenced under the felony statute. The charge of intimidating a public officer, public employee, juror, referee, arbitrator, appraiser, assessor or similar person can be punished either as a felony or as a gross misdemeanor:

///

---

[1] http://caseinfo.nvsupremecourt.us/public/publicActorSearch.do (report generated August 1, 2019).

3.  A person who violates subsection 1 [defining the offense] is guilty of:

(a)  If physical force or the immediate threat of physical force is used in the course of the intimidation or in the making of the threat:

   (1)  For a first offense, a category C felony and shall be punished as provided in NRS 193.130.

   (2)  For a second or subsequent offense, a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 10 years, and may be further punished by a fine of not more than $10,000.

(b)  If no physical force or immediate threat of physical force is used in the course of the intimidation or in the making of the threat, a gross misdemeanor.

Nev. Rev. Stat. § 199.300. Petitioner was convicted of attempting to intimidate an officer with force. ECF No. 1-1, at 2. An attempt to commit a category B felony with a maximum term of 10 years or less is punished as a category C felony. Nev. Rev. Stat. § 193.330(1)(a)(3). An attempt to commit a category C felony is punished as a category D felony. Nev. Rev. Stat. § 193.330(1)(a)(4). An attempt to commit a gross misdemeanor is punished by a prison term not more than one-half the longest term authorized by statute. Nev. Rev. Stat. § 193.330(1)(b). Petitioner does not allege any facts about his guilty plea. However, if petitioner does settle the financial matters and convinces the court to keep this action open, then respondents will file the necessary exhibits to evaluate this claim.

The court does not understand what ground 2 is. Petitioner alleges that he was not able to express his opinion in court, in violation of the First Amendment. He then cites § 199.300(1)(b), which the court has quoted above, and Edwards v. State, 918 P.2d 321 (Nev. 1996), which clarified the limited circumstances a person may move in state court to modify or correct a sentence. Petitioner then says that the district attorney altered the charge. Finally, petitioner did not finish the last sentence of ground 2. The ground as alleged has only vague facts. This court does not have the record of the state district court case, so it cannot look through those documents to make sense of what petitioner has written. In an amended petition, petitioner needs to allege what happened.

Ground 3 is too vague. Petitioner simply alleges that his trial counsel was not very effective, and he mentions Strickland v. Washington, 466 U.S. 668 (1984). A petitioner claiming

3

ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," id. at 688, and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. In other words, in an amended petition, petitioner needs to allege what counsel did, or failed to do, and how that made things worse for him.

**Conclusion**

IT THEREFORE IS ORDERED that petitioner shall file an application for leave to proceed in forma pauperis, accompanied by a signed financial certificate and a statement of his inmate account. The clerk of the court shall send petitioner a blank application form for incarcerated litigants. In the alternative, petitioner shall make the necessary arrangements to pay the filing fee of five dollars ($5.00), accompanied by a copy of this order. Petitioner will have thirty (30) days from the date that this order is entered to comply. Failure to comply will result in the dismissal of this action.

IT FURTHER IS ORDERED that petitioner will have thirty (30) days from the date that this order is entered to show cause why the court should not dismiss this action for petitioner's failure to exhaust his state-court remedies. Failure to comply will result in the dismissal of this action.

IT FURTHER IS ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT FURTHER IS ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner will have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner always remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply with this order will result in the dismissal of grounds 2 and 3 from this action.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the case number, 2:19-cv-01325-GMN-NJK, above the word "AMENDED."

IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty-one (21) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: August 3, 2019

_____
GLORIA M. NAVARRO
Chief United States District Judge